UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ORISKA CORPORATION, *individually and derivatively to Carrier-Defendant Oriska Insurance Company*,

                                      Plaintiff,

             -against-

GARDEN CARE CENTER, INC., et al.,

                                      Defendants.
-------------------------------------------------------------------X

**REPORT & RECOMMENDATION**
21-CV-2010-NGG-SJB
20-CV-6291-NGG-SJB
21-CV-2022-NGG-SJB
21-CV-2024-NGG-SJB
21-CV-2029-NGG-SJB
21-CV-2039-NGG-SJB
21-CV-2040-NGG-SJB
21-CV-2050-NGG-SJB

**BULSARA, United States Magistrate Judge:**

The Healthcare Defendants[1] and defendant Ira Lipsius (together, the "Fee Applicants") move for an award of attorney's fees and costs. For the reasons stated below, the motion is granted.

---

[1] The Healthcare Defendants are Avalon Gardens Rehabilitation & Health Care Center, LLC; Garden Care Center, Inc.; Bay Park Center for Nursing & Rehabilitation LLC d/b/a Bay Park Center for Nursing & Rehabilitation LLC; Brookhaven Rehabilitation & Heath Care Center LLC d/b/a Brookhaven Rehabilitation & Health Care Center LLC; Caring Family Nursing & Rehabilitation Center d/b/a New Surfside Nursing Home LLC; Eastchester Rehabilitation & Health Care Center d/b/a Eastchester Rehabilitation & Health Care Center LLC; Golden Gate Rehabilitation & Health Care Center d/b/a Golden Gate Rehabilitation & Health Care Center LLC; Grace Plaza Nursing and Rehabilitation Center d/b/a Pinegrove Manor LLC; Nassau Rehabilitation & Nursing Center d/b/a Nassau Operating Company, LLC; Park Avenue Extended Care Facility d/b/a Park Avenue Operating Company, LLC; Parkview Care & Rehabilitation Center; South Point Plaza Nursing and Rehabilitation Center d/b/a Bayview Manor LLC; Spring Creek Rehab & Nursing Care Center d/b/a Willoughby Rehabilitation & Health Care Center LLC; The Hamptons Center for Rehabilitation and Nursing d/b/a North Sea Associates, LLC; Throgs Neck Rehabilitation & Nursing Center d/b/a Throgs Neck Operating Company, LLC; and Townhouse Center for Rehabilitation and Nursing d/b/a Townhouse Operating Company.

1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court assumes familiarity with the facts of this action as set forth in Judge Garaufis's May 27, 2021 Order (the "May 27 Order") granting motions to remand 18 related lawsuits filed in New York State Supreme Court and dismissing 11 other lawsuits commenced in federal court. *Percy v. Oriska Gen. Contracting*, No. 20-CV-6131, 2021 WL 2184895, at *1 (E.D.N.Y. May 27, 2021), *appeal withdrawn sub nom. Broad Coverage Serv., Inc. v. Oriska Ins. Co.*, No. 21-1554, 2021 WL 4399676, at *1 (2d Cir. Sept. 1, 2021). The actions commenced in New York state court and removed were "shareholder derivative suits seeking reimbursement of unpaid insurance premiums[.]" *Id.*

Several of these cases are now the subject of the present motion for attorney's fees. On December 28, 2020, the first of these cases, *Bay Park Center for Nursing & Rehabilitation LLC et al. v. Philipson et al.* (the "Bay Park Action"), was removed to this court by Defendants Donna Hodge, Annette Hall, Karen Grant Williams, and Alexi Arias as the Class Representatives (collectively, the "Class Defendants"). (*See* Notice of Removal dated Dec. 28, 2020, Dkt. 20-cv-06291, Dkt. No. 1).

2

In April 2021, the Class Defendants separately removed the remaining cases.[2] (*See* Sperber Decl. dated Jan. 26, 2021 ("Sperber Decl."), Dkt. No. 22-1 ¶¶ 7–8). In each case, the Fee Applicants sought either a pre-motion conference on an anticipated motion to remand or filed a motion to remand.[3] (*Id.* ¶¶ 8–11). Because the operative complaints were "effectively identical" the Fee Applicants filed "substantially similar" motions to remand; the motions were otherwise tailored to the procedural history of the relevant action. (*Id.* ¶¶ 8, 10). For example, the remand request in the Garden Care Action, the Park Avenue Action, and the North Sea Action was based on a failure to gain consent, the improper filing of an amended complaint, a lack of standing, and the removal to an improper jurisdiction. (*Id.* ¶ 8). The motions for remand in the Townhouse Action, the Avalon Gardens Action, and the West Lawrence action were based on a lack of timeliness, the rule of unanimity, the improper filing of an amended

---

[2] *See Oriska Corp. v. Garden Care Ctr., Inc. et al.*, (the "Garden Care Action"), Notice of Removal dated Apr. 14, 2021, Dkt. 21-cv-2010, Dkt. No. 1; *Oriska Corp. v. North Sea Associates, LLC-The Hamptons Ctr. et al.* (the "North Sea Action"), Notice of Removal dated Apr. 14, 2021, Dkt. 21-cv-2050, Dkt. No. 1; *Oriska Corp. v. Park Avenue Operating Co. LLC et al.* (the "Park Avenue Action"), Notice of Removal dated Apr. 14, 2021, Dkt. 21-cv-2022, Dkt. No. 1; *Oriska Corp. v. Townhouse Operating Co., LLC-Townhouse Ctr. for Nursing et al.* (the "Townhouse Action"), Notice of Removal dated Apr. 14, 2021, Dkt. 21-cv-2029, Dkt. No. 1; *Oriska Corp. v. Avalon Gardens Rehabilitation & Health Care Ctr., LLC et al.* (the "Avalon Gardens Action"), Notice of Removal dated Apr. 14, 2021, Dkt. 21-cv-2040, Dkt. No. 1; *Oriska Corp. v. Parkview Care & Rehabilitation Ctr. et al.* (the "Parkview Action"), Notice of Removal dated Apr. 14, 2021, Dkt. 21-cv-2024, Dkt. No. 1; *Oriska Corp. v. West Lawrence Care Ctr., LLC et al.* (the "West Lawrence Action"), Notice of Removal dated Apr. 14, 2021, Dkt. 21-cv-2039, Dkt. No. 1).

[3] *See* Letter-Mot. dated May 13, 2021, Dkt. 21-cv-2010, Dkt. No. 9; Letter-Mot. dated May 13, 2021, Dkt. 21-cv-2050, Dkt. No. 10; Letter-Mot. dated May 19, 2021, Dkt. 21-cv-2022, Dkt. No. 10; Notice of Mot. to Remand dated May 12, 2021, Dkt. 21-cv-2029, Dkt. No. 8; Notice of Mot. to Remand dated May 12, 2021, Dkt. 21-cv-2040, Dkt. No. 8; Notice of Mot. to Remand dated May 14, 2021, Dkt. 21-cv-2024, Dkt. No. 8; Notice of Mot. to Remand dated May 14, 2021, Dkt. 21-cv-2039, Dkt. No. 8.

3

complaint, and the removal to an improper jurisdiction. (*Id.* ¶ 10). And in the Parkview Action, the motion to remand, among other reasons, asserted a failure to assert federal causes of action. (*Id.* ¶ 11).

Each of these cases was ultimately assigned to Judge Garaufis, who granted the motions to remand, stating that the "attempts on behalf of the Class Representatives to remove these actions were objectively unreasonable" and that the "remanding parties [were] entitled to reasonable attorneys' fees and costs." *Percy*, 2021 WL 2184895, at *10. Further, "[i]f the parties [could not] agree on the amount to be reimbursed, the Healthcare Employers and Mr. Lipsius should submit a bill of costs and a fee application to this court." *Id.*

The Fee Applicants filed a motion for attorney's fees in several of the relevant cases. This Court issued an Order to Show Cause identifying several deficiencies in the motion, including a failure to allocate tasks to specific actions or docket numbers. (*See* Order to Show Cause dated Jan. 5, 2022). The Court subsequently denied the first motion as moot, and permitted the Fee Applicants to file a single, revised, omnibus motion. (Order dated Jan. 12, 2022).

The Fee Applicants filed the present motion on January 26, 2022. (Notice of Mot. dated Jan. 26, 2022, Dkt. No. 22). Class Defendants filed an opposition to the motion on February 21, 2022. (*See* Decl. of Joseph V. McBride dated Feb. 21, 2022 ("McBride Decl."), Dkt. No. 24).

## DISCUSSION

"Our basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule[.]" *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 590 (2d Cir. 2016). Under the American Rule "[e]ach litigant pays

4

his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010). Only if a statute contains "specific and explicit provisions for the allowance of attorneys' fees," may a court award them. *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015) (quotations omitted).

Judge Garaufis has already concluded that the Fee Applicants are "entitled" to attorney's fees and gave them permission to file a fee application in light of the lack of an "objectively reasonable basis for seeking removal." *Percy*, 2021 WL 2184895, at *9–*10 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). The only question before the Court is the reasonableness of the award sought by the Fee Applicants.

 I. Hourly Rates

The "starting point" for determining the amount of attorney's fees to be paid by the Class Defendants is the calculation of the "lodestar," which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). Both the Supreme Court and the Second Circuit have held that the lodestar is a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *see Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010).

To calculate the presumptively reasonable fee, a court must first determine a reasonable hourly rate for the legal services performed. *Arbor Hill*, 522 F.3d at 184. The next step is to determine the reasonableness of the hours expended by counsel. *See, e.g., LaBarbera v. Empire State Trucking, Inc.*, No. 07-CV-669, 2008 WL 746490, at *4–*5 (E.D.N.Y. Feb. 26, 2007), *report and recommendation adopted*, Mem. and Order

5

dated Mar. 17, 2008, Dkt. No. 10 at 3.  The number of hours spent on a lawsuit are considered unreasonable if they are excessive, redundant, or unnecessary.  *See, e.g.*, *LaBarbera v. Frank J. Batchelder Transp. LLC*, No. 08-CV-3387, 2009 WL 240521, at *4 (E.D.N.Y. Feb. 2, 2009) (citing *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)).  "District courts have broad discretion, using their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award." *Finkel v. Captre Elec. Supply Co.*, No. 14-CV-3584, 2015 WL 5316257, at *5 (E.D.N.Y. July 31, 2015) (quotations omitted), *report and recommendation adopted*, 2015 WL 5330388, *1 (Sept. 11, 2015).

      The Fee Applicants seek a total of $42,247.50 in attorney's fees associated with their motions to remand.  (Mem. of Law in Supp. of Omnibus Fee Appl. dated Jan. 26, 2022 ("Mem."), Dkt. No. 22-4 at 2).  Turning first to the reasonable hourly rate, the Court examines the experience and qualifications of counsel seeking the fee award.  The application is made by attorneys Ira Lipsius, a senior partner at the law firm of Lipsius-BenHaim, LLP ("Lipsius-BenHaim") and Alexander Sperber, also a partner at Lipsius-BenHaim.  (*Id*. at 10).  The Fee Applicants request $450 per hour for Lipsius and $325 per hour for Sperber.  (*Id*.; *see also* Sperber Decl. ¶ 3).

      Lipsius graduated from law school in 1979 and has over 40 years of experience specializing "exclusively" in "insurance coverage litigation and insurance regulatory law." (*See* Att'y Biographies, attached as Ex. B to Sperber Decl. at 1).  He "has argued before 9 of the 13 Federal Courts of Appeals and has argued or tried cases before state courts in over 30 states and before United States District Courts in over 20 states." (*Id*.).  In addition, he has served as a consultant, expert witness, and lecturer on the subject of insurance law.  (*Id*.).

6

Sperber graduated from law school in 2010. He joined Lipsius-BenHaim in 2013 and has over 10 years of experience in "commercial, general liability, property, workers' compensation, and life insurance" litigation, having practiced in both state and federal court. (*Id.*). Prior to joining Lipsius-BenHaim, Sperber was a litigator at Olshan Frome Wolosky LLP. (*Id.*).

In determining the lodestar, courts "should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quotations omitted). The hourly rate for experienced attorneys and partners in this District ranges from $300 to $450. *Div. 1181 Amalgamated Transit Union-New York Emps. Pension Fund v. D & A Bus Co., Inc.*, 270 F. Supp. 3d 593, 618 (E.D.N.Y. 2017) (finding in ERISA action that courts "have recognized . . . ranges in this district of $300–$450 per hour for partners") (collecting cases); *Finkel*, 2015 WL 5316257, at *6 ("reasonable hourly rates in this district for ERISA matters have ranged from $300 to $450 for partners").

Although the legal issues raised in these actions were relatively straightforward— namely, removal and remand—the proceedings, which involved coordination among several different class actions and large groups of defendants, were complex. Given Lipsius's experience, and the relative complexity of the work, the Court finds that an award at the higher end of the spectrum—$450 per hour—is appropriate. Given that Sperber is relatively junior, an award at the lower end of the spectrum for partners— $325 per hour—is appropriate.

The Class Defendants oppose the imposition of sanctions in the form of attorney's fees. They argue that there is no basis for fees to be awarded by asserting in

7

various forms the merit in their removal petitions.  The Class Defendants raise arguments beyond the scope of the issues the Court was asked to resolve.  The Court's May 27 Order already granted "requests made by counsel in the Removed Actions for attorneys' fees and costs[.]" *Percy*, 2021 WL 2184895, at *10.  The only question before this Court is the "reasonableness" of the award sought—not counsel's underlying entitlement to the award.

    II.    <u>Hours Billed</u>

Turning to the reasonableness of time expended, courts look to the "contemporaneous time records" of the attorney.  The Second Circuit requires that "any attorney . . . who applies for court-ordered compensation in this Circuit . . . document the application with contemporaneous time records." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).  Those records "should specify, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*  To be contemporaneous, the time records "must be made . . . while the work is being done or . . . immediately thereafter." *Handschu v. Special Servs. Div.*, 727 F. Supp. 2d 239, 249 (S.D.N.Y. 2010).  "Descriptions of work recollected in tranquility days or weeks later will not do." *Id.*  The contemporaneous time records requirement is strictly enforced[.]" *Valentine v. Aetna Life Ins. Co.*, No. 14-CV-1752, 2016 WL 4544036, at *7 (E.D.N.Y. Aug. 31, 2016).

Counsel has submitted contemporaneous billing records showing the legal services rendered by Lipsius-BenHaim for work performed, including the date the services were provided, the amount of time during which services were provided, the name of the attorney, and a description of services performed.  (*See* Invoices dated Jan. 26, 2022 ("Invoices"), attached as Ex. A to Sperber Decl.).  Counsel has stated that "[i]n

8

response to the Court's Order to Show Cause, which criticized the block billing on the invoices that we previously submitted," counsel reviewed his notes and "made every effort to provide a more detailed breakdown of the time expended on this matter [and] in a number of places, reduced the number of hours for which" reimbursement was sought. (Sperber Decl. ¶ 3). The firm "made every effort to reduce costs by filing similar or substantially identical motion papers where possible" and "coordinated their filings with the law firm of Cullen and Dykman LLP, which represented the defendants in many of the other related actions" and who "utilized many of the documents drafted by [the Fee Applicants] in those related actions in an effort to further reduce the total cost" of the actions. (*Id.* ¶¶ 15–16).

According to the billing records submitted, counsel spent a total of 127.8 hours on these matters. (Invoices at 16). The records reflect that Lipsius spent 5.7 hours on the matters; the remainder of the hours reflect work performed by Sperber.

"In reviewing a fee application, the court 'should exclude excessive, redundant or otherwise unnecessary hours.'" *Brown v. Green 317 Madison, LLC*, No. 11-CV-4466, 2014 WL 1237448, at *10 (E.D.N.Y. Feb. 4, 2014) (collecting cases) (quoting *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009)); *John v. DeMaio*, No. 15-CV-6094, 2016 WL 7469862, at *8 (E.D.N.Y. Sept. 29, 2016) ("[A] trial court may reduce the claimed hours and, accordingly, counsel's award, where proposed billing schedules are unsupported by evidence or objectively unreasonable."). "Where entries on a time sheet are vague, duplicative, or otherwise insufficient, a court need not itemize individual entries as excessive; rather, it may make an across-the-board reduction, or percentage cut, in the amount of hours." *John*, 2016 WL 7469862, at *8 (quotations omitted); *accord Brown*, 2014 WL 1237448, at *11 ("Rather than itemizing individual entries as excessive, the

9

court may make an across-the-board reduction, or percentage cut, in the amount of hours.") (quotations omitted).  "[I]t is less important that judges attain exactitude, than that they use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent." *John*, 2016 WL 7469862, at *9 (quotations omitted).

The Fee Applicants addressed the issues the Court identified in its January 5, 2022 Order to Show Cause: the failure to allocate particular tasks to specific actions or docket numbers.  And the Court notes that the Fee Applicants have distilled major tasks to their component parts, thereby avoiding block-billing, and otherwise addressed, to the Court's satisfaction, the other identified deficiencies.

The Court declines to award fees in full for the 34.4 hours logged between February 9, 2021 and February 26, 2021 for work performed in the "North Sea Action." (Invoices at 8–11).  The work reflected by these entries is associated with the action *Oriska Corporation v. North Sea Associates, LLC*, Dkt. 21-cv-454.  The North Sea Action was closed on April 9, 2021 after Judge Garaufis found that Class Defendants' removal was improper.  (Order dated Apr. 9, 2021, Dkt. 21-cv-454).  Thus, while the Fee Applicants did prepare and file a motion to remand in that action, that action is not associated with the present omnibus fee application since it was remanded *prior* to the May 27 Order.  (*See Percy*, 2021 WL 2184895, at *2; Mem. at 3).  As such, this work is not fully compensable under the terms of the May 27 Order.  The Court nevertheless credits that some of the work reflected by these billing entries (*e.g.*, research, consultation, and drafting) was part and parcel of counsel's work in preparing the subsequent motions to remand that were the subject of the May 27 Order and the present omnibus motion.  *See Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170 (2d Cir.

10

1996) ("Where the district court determines that the successful and unsuccessful claims are 'inextricably intertwined' and involve a common core of facts or [are] based on related legal theories, it is not an abuse of discretion for the court to award the entire fee.") (internal quotations omitted). "A percentage reduction is a practical means of trimming fat from a fee application and is a permissible way of reducing a fee award." *Caban v. Emp. Sec. Fund of the Elec. Prods. Indus. Pension Plan*, No. 10-CV-389, 2015 WL 7454601, at *8 (E.D.N.Y. Nov. 23, 2015) (quotations omitted). The Court finds an overall reduction of 50% for the time spent on the "North Sea Action" between February 9, 2021 and February 26, 2021 appropriate. *E.g.*, *Poulos v. City of New York*, No. 14-CV-03023, 2018 WL 3750508, at *13 (S.D.N.Y. July 13, 2018) (applying 50% reduction where billing entries "appear to represent work designed to pursue plaintiff's case as a whole, rather than" against an individual, but which plaintiff argued "was 'inextricably intertwined' with" claims against settled defendants), *report and recommendation adopted*, 2018 WL 3745661, at *1 (Aug. 6, 2018). Accordingly, the Court will compensate the Fee Applicants for 17.2 hours for that period, instead of the 34.4 hours sought. This results in compensation of $5,690 for the period of February 9 through February 26, 2021.

Outside of the North Sea Action, the Court otherwise grants the request to be compensated for 93.4 hours for an award of $30,867.50. The request for 93.4 hours is reasonable for the time involved in making the remand motion (or its equivalent in a pre-motion letter) in multiple cases. *See, e.g.*, *Cleanup N. Brooklyn by Chantrtanapichate v. Brooklyn Transfer LLC*, 373 F. Supp. 3d 398, 406–8 (E.D.N.Y. 2019) (awarding attorney's fees for 232.72 hours spent on a motion to remand given the complexity of the motion, after denying an award for certain entries and making a 30%

11

reduction in hours sought); *Kahlon v. Yitzhak*, 270 F. Supp. 3d 583, 592 (E.D.N.Y. 2017) (awarding fees for 32.94 hours spent on motion to remand). The award of $30,867.50 plus $5,690 for the work on the North Sea Action from February 9 through February 26 results in a total award of $36,557.50.

  The Class Defendants make a series of meritless arguments in opposing the fee application. As noted, they make a series of assertions about whether fees may be awarded. Those arguments are too late and irrelevant. This Court is not tasked with reviewing or questioning Judge Garaufis's opinion awarding fees (nor would it); the Court's only task is to conduct a reasonableness inquiry. And the arguments made about the reasonableness of the fees are entirely without merit.

  *First*, the Class Defendants argue that the Court should "consider exactly the nature of the legal work the attorneys were supposedly doing," because the entries were "obviously duplicated." (McBride Decl. ¶ 45). The Court is not required to do a minute examination of every entry and then stress test the attorney's work before awarding fees. As the Supreme Court has explained, when reviewing fee motions, "trial courts need not, and indeed should not, become green-eyeshade accountants," and "may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011). In any event, the Court finds no duplication; the Court issued an Order to Show Cause directing counsel to remove duplicative entries, (Order to Show Cause dated Jan. 5, 2022), and counsel has done so. And, moreover, the number of overall hours is consistent with motions to remand in other cases of similar complexity—and these cases were certainly complex given the sheer number of cases and defendants involved and the repeated attempts to remand that were made.

*Second*, the Class Defendants take issue with how the Fee Applicants spent their time. On the one hand, they say that that the Fee Applicants were not thorough enough in making the remand motion—*e.g.*, "the motion never once indicated a review of the dockets in the state courts," (McBride Decl. ¶ 46)—an argument that suggests the billings should have been higher. On the other hand, they also argue that time was spent on too many ancillary issues—*e.g.*, "the billing delves on collateral dispute with the defendant insurance carrier which have absolutely no relevance to the causes of action," (*id.* ¶ 48)—in an attempt to reduce the fee award. This internal tension highlights the largely nonsensical and inscrutable arguments advanced in opposition to the fee award. But in any event, the Court's job is not to suggest other areas where time should have been spent or to micromanage an attorney's conduct; rather, it is to exclude plainly irrelevant time, and consider holistically whether the time spent was reasonable in light of the complexity of the case and nature of the motion. (As well as to check for prohibited billing practices, such as block billing). *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation[.]"). Here, there is no plainly irrelevant time. And as noted, the Court views the overall time here reasonable.

*Third*, the Class Defendants provide 12 pages of single-spaced "commentary" on each billing entry. This commentary is nonsensical, largely impossible to comprehend,

13

and beyond the boundaries of what a Court evaluates in awarding fees. Just as an example, for a single entry involving a "teleconference call" that is plainly compensable—it is for "strategy for filing motions to remand and pre-motion letters" (Invoices at 1)—the Class Defendants add the following irrelevant commentary: "There was no investigation into the federal ERISA violation allegations, no effort was made to trace the Medicare/Medicaid reimbursement to dispel the Federal jurisdiction allegations in the removed action complaint." (McBride Decl. ¶ 49 at 20). To the extent this "commentary" is an attempt to reassert that the Class Defendants' removal was proper, in good-faith, or both, that ship sailed long ago and is well beyond the present inquiry. Nothing about the Class Defendants' supposed good faith undercuts the compensable nature of a telephone call to discuss strategy about a remand motion. To the extent the Class Defendants are arguing that the remand motion should not have been filed absent additional inquiry or analysis, that too is an irrelevant argument. The motion to remand has been granted. And like other "commentary"–*e.g.*, "[t]he federal causes of action were clearly spelled out in the Parkview Notice of Removal, but the attorneys make no reference to analyzing whether there is Federal jurisdiction to justify the removal[,]" (*id.* at 21)—arguments about how counsel might have or should have spent their time does nothing to undermine an award based on how they actually spent their time. (If anything, they suggest the fee award could have been higher, not smaller.) For example, regarding an entry that stated "[f]ile motions for pre motion conference in Parkview and North Sea Associates actions," Class Defendants respond: "These billing statements and tracing their source of funds from North Sea Associates show a pattern of payment out of Medicaid/Medicare reimbursement to the Healthcare Employers into prima facia prohibited transactions under ERISA[.]". (*Id.* at 20 (citing

14

Invoices at 2)). These are just a few examples. These arguments reiterate the Class Defendants' position on the threshold question of entitlement to fees; they do not raise any doubt as to the appropriate amount of time spent in preparing the motions that Judge Garaufis ordered was compensable, which is what the holistic "reasonableness" examination tests. The Court is satisfied with the level of detail included in the Fee Applicants' revised billing entries. *See supra* at 10.

### III. Total Fee Award

Therefore, based on the hourly rate and the number of hours billed on the motions to remand set forth above, the Court respectfully recommends that the Fee Applicants be awarded $36,557.50 in attorney's fees.

### CONCLUSION

The Court, therefore, respectfully recommends that the motion for attorney's fees be granted as set forth above. Any objections to the Report and Recommendation above must be filed with the Clerk of Court within 14 days of receipt of this report. Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision.") (quotations omitted).

SO ORDERED.

*/s/ Sanket J. Bulsara*  May 31, 2022
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

15